IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISON

MELISSA KEYES AND CHRISTOPHER KEYES             PLAINTIFFS

VERSUS
                                    CAUSE NO.: 3:21-cv-646-TSL-MTP

MISSISSIPPI DEPARTMENT OF PUBLIC
SAFETY, STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY, JAY FRANK CLARK, JR.,
AND JOHN DOES 1-X                               DEFENDANTS

## NOTICE OF REMOVAL

TO:   Honorable Judges of the United States District Court
      for the Southern District of Mississippi, Northern Division

**COMES NOW**, the Defendant, **STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY** (hereinafter "State Farm"), by and through its undersigned counsel and pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 would respectfully show this Court as follows, to wit:

I.

Plaintiffs filed their Complaint against the Defendants on August 10, 2021, in the Circuit Court of Hinds County, Mississippi, said action being designated as *Melissa Keyes and Christopher Keyes vs. Mississippi Department of Public Safety, State Farm Mutual Automobile Insurance Company, Jay Frank Clark, Jr., and John Does I-X*, Civil Action No.: 21-502 (hereinafter referred to as the "State Court Action").

II.

State Farm was served with the Summons and Complaint through its registered agent on September 8, 2021. A copy of the Complaint filed in the Circuit

Court of Hinds County, Mississippi, is attached hereto as Exhibit "A" pursuant to 28 U.S.C. § 1446.

### III.

Pursuant to 28 U.S.C. § 1446(b), the Defendant filed this Notice of Removal within thirty (30) days of being served with Plaintiffs' original Complaint in the State Court Action, which was the first pleading received by the Defendant, through service of process or otherwise, setting forth the claim for relief upon which such action is based.

### IV.

The case is removed less than one (1) year after commencement of the State Court Action, in compliance with 28 U.S.C. § 1446(b).

### PARTIES

### V.

In their Complaint, the Plaintiffs plead that they are adult resident citizens of Rankin County, Mississippi.

### VI.

Defendant State Farm is now and has at all relevant times been a corporation organized and existing under the laws of the State of Illinois and having its principal place of business in the State of Illinois.

### VII.

Defendant Jay Frank Clark, Jr., whose citizenship should be disregarded for diversity purposes (as further articulated herein), is now and has at all relevant times

been a citizen of the State of Mississippi. Defendant Mississippi Department of Public Safety, whose citizenship should be disregarded for diversity purposes (as further articulated herein), is now and has at all relevant times been an agency of the State of Mississippi. As fraudulently joined and misjoined parties, Clark and Mississippi Department of Public Safety are not required to join or consent to this removal. *Jernigan v. Ashland Oil Inc.,* 989 F.2d 812, 815 (5th Cir. 1993) (explaining that it would be "nonsensical" to require consent to removal by the alleged, improperly or fraudulently joined party because "removal in those cases is based on the contention that no other proper defendant exists"); *see also Jenkins v. Farmington Cas. Co.,* 979 F. Supp. 454 (S.D. Miss. 1997) ("[I]t is not necessary that the allegedly fraudulently joined defendant join with the other defendants in the removal petition.") (citing *Moore v. Interstate Ins. Co., et al.,* 717 F.Supp. 1193, 1195 (S.D. Miss. 1989)).

## AMOUNT IN CONTROVERSY

### VIII.

The first prong of 28 U.S.C. § 1332 is met as the amount in controversy exceeds $75,000, exclusive of interest and costs. Plaintiffs allege they have sustained property damage; pain and suffering; medical expenses; economic damages including, but not limited to, lost wages; mental and emotional damages; loss of enjoyment of life; and loss of consortium and companionship. Ex. A at ¶ 33. Additionally, Plaintiffs seek to recover against State Farm compensatory damages for personal and bodily injury, including past and future physical and mental pain and suffering; past and

future loss of enjoyment of life; past and future medical expenses; past and lost wages; fraud damages; pre and post judgment interest; attorneys and costs.  In the last unnumbered paragraph of the Complaint beginning with "WHEREFORE…" Plaintiffs also seek an unnumbered amount of punitive damages. Ex. A at ¶¶ 63 and 68.

## IX.

Given the nature and extent of Plaintiffs' allegations, the "matter in controversy" clearly exceeds the $75,000 jurisdictional limit of this Court.  And, even if this were not the case, Plaintiffs' claim for punitive damages would be sufficient to meet the jurisdictional limit of this Court. *See, e.g.*, *Brasell v. Unumprovident Corp.*, 2001 WL 1530342, *2 (N.D. Miss. Oct. 25, 2001) ("[F]ederal courts in Mississippi have consistently held that a claim for an unspecified amount of punitive damages under Mississippi law is deemed to exceed the amount necessary for federal jurisdiction.") (citing *Allstate Ins. Co. v. Hilbun*, 692 F. Supp. 698, 700-01 (S.D. Miss. 1988)); *Montgomery v. First Family Financial Servs., Inc.*, 239 F. Supp. 2d 600, 605 (S.D. Miss. 2002) ("The court is of the opinion in the case at bar that it is facially apparent from plaintiffs' complaint that the amount in controversy exceeds $75,000, given the nature of plaintiffs' claims and the fact of plaintiffs' demand for punitive damages….").

## **DIVERSITY OF CITIZENSHIP**

**X.**

As required by the first prong of 28 U.S.C. §1332, there is complete diversity of citizenship between the *properly* joined parties. As articulated above, the Plaintiffs are citizens of Mississippi and State Farm is a citizen of Illinois. The citizenships of Clark and Mississippi Department of Public Safety, as fraudulently joined and misjoined Defendants, are irrelevant and should be disregarded for diversity purposes because the claims against them are not properly joined with those against State Farm.

**XI.**

Removal of this action is proper because the underlying claims against Clark and the Mississippi Department of Public Safety have been fraudulently joined and fraudulently misjoined with the claims against State Farm. If Clark and Mississippi Department of Public Safety are immune under the Mississippi Tort Claims Act, then Plaintiffs have no reasonable possibility of recovery against them, and the Court should find that those Defendants were fraudulently joined. Additionally, regardless of whether Clark and Mississippi Department of Public Safety are immune, the Court should find that Plaintiffs fraudulently misjoined the claims against them and State Farm pursuant to *Tapscott* and its progeny, as discussed below.

**XII.**

To the extent Clark and Mississippi Department of Public Safety are entitled to immunity under the Mississippi Tort Claims Act, the Court should find that

Plaintiffs fraudulently joined those Defendants. Fraudulent joinder exists where "there is no possibility that the plaintiff would be able to establish a cause of action against the non-diverse defendants in state court." *Burden v. General Dynamics Corp.*, 60 F.3d 213, 217 (5th Cir. 1995). "[T]he processes to be utilized by the court in determining a fraudulent joinder issue have been described as 'summary judgment-like.'" *Glover v. Donnell*, 878 F. Supp. 898, 899 (S.D. Miss. 1995). As such, "the court may consider not only the allegations of plaintiff's complaint, but additional evidentiary materials submitted by the parties." *Id.*

## XIII.

Where a nondiverse defendant is entitled to immunity under Mississippi state law, there is no possibility of recovery against that defendant and that defendant, therefore, was fraudulently joined. *Glover*, 878 F. Supp. at 902; *see also Carriere v. Sears, Roebuck and Co.*, 893 F.2d 98, 101 (5th Cir. La. 1990) (explaining that nondiverse defendant was fraudulently joined because he was immune under Louisiana's workers' compensation scheme). Pursuant to Mississippi Code Section 11-46-9(c):

> A governmental entity and its employees acting within the course and scope of their employment or duties shall not be liable for any claim … [a]rising out of any act or omission of an employee of a governmental entity engaged in the performance or execution of duties or activities relating to police or fire protection unless the employee acted in reckless disregard of the safety and wellbeing of any person not engaged in criminal activity at the time of injury.

Miss. Code Ann. § 11-46-9(c). State Farm does not dispute that Clark, acting in the course and scope of his employment while operating a vehicle owned by Mississippi Department of Public Safety, negligently caused the collision at issue in this lawsuit.

Pursuant to Mississippi Code Section 11-46-9(c), to the extent Clark negligently caused the collision, he and Mississippi Department of Public Safety are immune from liability and have been fraudulently joined.

### XIV.

Plaintiffs also speciously allege in their Complaint that Clark acted with "reckless disregard" and committed several traffic violations that resulted in the collision with Mrs. Keyes. The Uniform Crash Report, however, belies such allegations. *See* Exhibit B, Uniform Crash Report. The Report does not indicate that Clark received any citations related to the rear-end collision. *See* Ex. B at p. 12. The Report states that the collision was not speeding related, nor was Clark a distracted driver. *See* Ex. B at p. 12; Exhibit C, Photos. In fact, the crash diagram, narrative report, and photos of Mrs. Keyes' vehicle demonstrate a low-speed, run-of-the-mill, rear-end "fender bender." The Court should find that, in the absence of any evidence supporting Plaintiffs' "reckless disregard" allegations, Clark was merely negligent in causing the collision. Accordingly, he and Mississippi Department of Public Safety are immune from liability. Miss. Code Ann. § 11-46-9(c). As a result, Plaintiffs have no possibility of recovery against them, and the Court should find that Clark and Mississippi Department of Public Safety have been fraudulently joined.

### XV.

Should the Court find that Plaintiffs did not fraudulently join Clark and Mississippi Department of Public Safety, the Court should nonetheless find that they have been fraudulently misjoined. This is true regardless of whether Clark acted

merely negligently or with reckless disregard, as those issues do not overlap with Plaintiffs' contractual and extra-contractual claims against State Farm. In *Tapscott v. MS Dealer Service Corp.*, 77 F.3d 1353, 1360 (11th Cir. 1996), the Eleventh Circuit held that "[m]isjoinder may be just as fraudulent as the joinder of a resident defendant against whom a plaintiff has no possibility of a cause of action." This approach has been applied in the Fifth Circuit. *In re Benjamin Moore & Co.*, 309 F.3d 296, 298 (5th Cir. 2002); *Crockett v. R.J. Reynolds Tobacco Co.*, 436 F.3d 529, 533 (5th Cir. 2006). Likewise, the Northern and Southern Districts of Mississippi have applied this approach:

> As long as there is a reasonable probability that the state court would find joinder proper, the plaintiff's right to a state forum prevails, but if there is no reasonable possibility that the state court would find joinder proper, the defendant is entitled to removal and severance. Under this standard, the lack of a reasonable possibility that the state court would allow the joinder renders the claims or parties "fraudulently misjoined."

*Palermo v. Letourneau Technologies, Inc.*, 542 F. Supp. 2d 499, 524 (S.D. Miss. 2008); *see also Walker v. Scales*, 2014 WL 670216, *7 (N.D. Miss. Feb. 20, 2014).

## XVI.

Mississippi Rule of Civil Procedure 20 permits joinder of multiple defendants only where "there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences, and if any question of law or fact common to all defendants will arise in the action." MISS. R. CIV. P. 20(a).[1] Thus, for State Farm

---

[1] Because "a district court may run afoul of Rule 82 if it uses a federal rule to determine if the plaintiff's claims were properly joined under state law at the time of removal," this Court should "apply Rule 20 of the Mississippi Rules of Civil Procedure" when conducting the instant fraudulent/egregious

and the other Defendants, Clark and the Mississippi Department of Public Safety, to be properly joined, "both the 'same transaction, occurrence, or series of transactions or occurrences,' and the 'any question of law or fact common to all' prongs must be met." *Palermo*, 542 F. Supp. 2d at 517-518. Where both requirements are not met, the Court should sever the separate claims. Miss. R. Civ. P. 21.

### XVII.

In *Hegwood v. Williamson*, 949 So.2d 728 (Miss. 2007), the Mississippi Supreme Court considered a joinder issue identical to that before the Court in this case. In that case, which arose out of an automobile accident, the Court found that the trial court should have severed a third-party negligence claim from first-party claims for breach of contract and bad faith because those claims involved "distinct litigable events." *Id.* at 730 (quoting *Wyeth-Ayerst Labs v. Caldwell*, 905 So.2d 1205, 1208 (Miss. 2005)). Specifically, the Court found: "While it is true that the genesis of both claims arose out of the accident, the two claims involve different factual issues and different legal issues." *Id.* at 731. Thus, "neither prong of Rule 20(a) is met." *Id.*

### XVIII.

In the present case, the claims against State Farm and the remaining Defendants arise from distinct litigable events which do not share a common question of law or fact. Just as in *Hegwood*, Plaintiffs' distinct allegations against Clark and the Mississippi Department of Public Safety raise "fact issues of how the accident occurred and legal issues of simple negligence (duty, breach of duty, proximate

---

misjoinder analysis. *Palermo*, 542 F. Supp.2d at 517; *see also Sweeney v. Sherwin Williams Co.*, 304 F. Supp.2d 868, 872 (S.D. Miss. 2004).

causation, and damages)," while Plaintiffs' claims for uninsured motorist benefits and bad faith allegations against State Farm relate to insurance coverage, the handling of their claim, "and legal issues of interpretation of insurance policies and bad faith under which an award of punitive damages may or may not be appropriate" *Id*. at 731.  Thus, there is no reasonable possibility that the state court would find joinder proper pursuant to Rule 20(a), the claims or parties are fraudulently and egregiously misjoined, and State Farm is entitled to removal and severance.

## XIX.

Mississippi Federal District Courts have long applied the doctrine of fraudulent misjoinder in cases with similar facts as that presently before the Court. In *Powelson v. Brashier*, No. 2:18-CV-87-KS-MTP, 2018 WL 4219425, the Court was faced a similar issue when the plaintiff filed a motion to remand after State Farm removed the litigation to Federal Court.  *Powelson* involved a claim for UM/UIM benefits as well as allegations of bad faith.  The Court, in severing the negligence claims against the tortfeasor from the breach of contract and bad faith claims against State Farm, ruled that there were no common questions of law or fact between the parties and opined that the claims against the tortfeasor had been fraudulently misjoined with the claims against State Farm.  Importantly, the Court noted that State Farm admitted that Brashier was negligent and that her negligence was the sole proximate cause of the accident.  As both prongs of Rule 20(a) could not be met "there is not a reasonable possibility that a state court would find joinder proper in this case," and State Farm met its burden of establishing jurisdiction.  *Id*.

## XX.

Similarly, in *McGuire v. Allstate Prop. & Cas. Ins. Co.*, No. 3:18-CV-601-CWR-FKB [Doc. 20] (S.D. Miss. July 8, 2019), the Court was faced with a motion to remand in a case involving a claim for UM/UIM benefits and bad faith. *See* Exhibit D, McGuire Order. Granting Allstate's motion to sever and remanding the negligence claim against tortfeasor to state court, the Court opined:

> McGuire's claim against McElroy will deal with McElroy's negligence as a driver. The claim against Allstate will deal with McGuire's policy and the claims handling process. A finding of liability on the negligence claim does not establish liability against Allstate on the UM coverage claim. As Allstate points out, the negligence claim arises out of the incidents on the day of the accident; the contract claim is based upon a relationship and actions that began before and extend after the accident. Separate proof will be needed for the separate claims.

*Id*. at p. 6. "[I]n deciding joinder issues each case must turn on its own unique circumstances." *Palermo*, 542 F. Supp. 2d at 523 (citing *Hegwood,* 949 So. 2d at 730).

## XXI.

The Court should find that Plaintiffs' claims against Clark and the Mississippi Department of Public Safety are fraudulently misjoined with the claims against State Farm, as Plaintiffs' claims against Clark and the Mississippi Department of Public Safety would involve Clark's liability. On the other hand, as State Farm does not dispute Clark's fault for the collision, Plaintiffs' claims against State Farm would involve breach of contract and bad faith, for which the proof would be entirely different and distinct. In fact, evidence that would be critical to Plaintiffs' claim against State Farm – the existence or non-existence of Clark's liability insurance coverage – would not even be admissible in Plaintiffs' trial against Clark and the

Mississippi Department of Public Safety. Miss. R. Evid. 411. As such, State Farm is entitled to removal and Plaintiffs' claims against State Farm should be severed and remain in this Court while Plaintiffs' claims against Clark and the Mississippi Department of Public Safety should be remanded to the Circuit Court of Hinds County, Mississippi.

## CONCLUSION

### XXII.

This action is removable pursuant to 28 U.S.C. §1441(a) and §1446(b), as amended, and written notice of the filing of this Notice of Removal and copies of all process, pleadings, and orders will be served upon Plaintiffs' counsel as required by law. Based on the jurisdiction of this Court, State Farm moves for an Order severing Defendants Clark and the Mississippi Department of Public Safety because the claims against them have been fraudulently joined and misjoined with those against State Farm. Following severance, this Court should retain jurisdiction of the claims against State Farm based upon the complete diversity of the remaining parties.

### XXIII.

Pursuant to the requirements of 28 U.S.C. § 1446(b), a Notice of Filing, attaching a copy this Notice as an exhibit thereto, will be filed with the Circuit Clerk of Hinds County, Mississippi.

WHEREFORE, PREMISES CONSIDERED, Defendant, State Farm respectfully submits this Notice of Removal from the Circuit Court of Hinds County, Mississippi, to the United States District Court for the Southern District of

Mississippi, Northern Division.  Defendant prays that the Court sever the claims against Clark and the Mississippi Department of Public Safety and remand those claims to state court.  The Defendant also prays that the Court retain jurisdiction over Plaintiffs' claims against State Farm.  Defendant further requests any additional relief to which it may be entitled.

DATED: October 8, 2021.

        Respectfully submitted,

        BRYAN, NELSON, SCHROEDER,
        CASTIGLIOLA & BANAHAN, PLLC
        Attorneys for Defendant,

        STATE FARM MUTUAL AUTOMOBILE
        INSURANCE COMPANY

        BY: /s/ *John A. Banahan*_____
           JOHN A. BANAHAN (MSB 1731)
           CALEN J. WILLS (MSB 104271)
           MICHAEL R. MOORE (MSB 104505)

**BRYAN, NELSON, SCHROEDER,**
**CASTIGLIOLA & BANAHAN, PLLC**
1103 Jackson Avenue (39567)
Post Office Drawer 1529
Pascagoula, MS 39568-1529
Telephone No.  (228) 762-6631
Fax No.  (228)769-6392
Email:  john@bnscb.com
Email:  calen@bnscb.com
Email:  michael@bnscb.com

## CERTIFICATE OF SERVICE

I, **JOHN A. BANAHAN**, one of the attorneys for the Defendant, **STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY**, do hereby certify that I have this date sent by electronic mail a true and correct copy of the forgoing Notice of Removal to:

| | |
|---|---|
| Elizabeth Carr<br>BLACKMON CARR LLC<br>215 Katherine Drive<br>Flowood, Mississippi 39232<br>Email: ecarr@blackmoncarr.com<br>***Counsel for Plaintiffs*** | Amanda Alexander<br>ALEXANDER LAW, P.A.<br>Post Office Box 1664<br>Jackson, Mississippi 39215<br>Email: aga@alexanderlawpa.com<br>***Counsel for Mississippi Department of Public Safety*** |

DATED: October 8, 2021.

BY: /s/ *John A. Banahan*
JOHN A. BANAHAN (MSB 1731)

**BRYAN, NELSON, SCHROEDER,
CASTIGLIOLA & BANAHAN, PLLC**
1103 Jackson Avenue (39567)
Post Office Drawer 1529
Pascagoula, MS 39568-1529
Telephone No. (228) 762-6631
Fax No. (228)769-6392
Email: john@bnscb.com